## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sheridan and Murray, LLC and Thomas C. Sheridan | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Roberts and Roberts, Randall C. Roberts | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )


| 2/1/2019 | Beth L. Weisser | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-299-2892 | 215-299-2150 | bweisser@foxrothschild.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sheridan and Murray, LLC and Thomas W. Sheridan<br>424 S. Bethlehem Pike, Third Floor, Fort Washington, PA 19034 | Roberts and Roberts, and Randall C. Roberts<br>118 W. 4th Street, Tyler, TX 75701 |

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Abraham C. Reich, Beth L. Weisser
Fox Rothschild LLP 2000 Market Street, 20th Floor, Philadelphia, PA
19103 (215) 299-2000;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
Plaintiff
- ❏ 2   U.S. Government
Defendant
- ❏ 3   Federal Question
*(U.S. Government Not a Party)*
- ☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>   Liability<br>❏ 320 Assault, Libel &<br>   Slander<br>❏ 330 Federal Employers'<br>   Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>   Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>   Product Liability<br>❏ 360 Other Personal<br>   Injury<br>❏ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury -<br>   Product Liability<br>❏ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>❏ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>   Property Damage<br>❏ 385 Property Damage<br>   Product Liability | ❏ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>❏ 690 Other<br><br><br><br><br><br>**LABOR**<br>❏ 710 Fair Labor Standards<br>   Act<br>❏ 720 Labor/Management<br>   Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>   Leave Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated<br>   New Drug Application<br>❏ 840 Trademark<br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC<br>   3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>   Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>   Act |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>   Accommodations<br>❏ 445 Amer. w/Disabilities -<br>   Employment<br>❏ 446 Amer. w/Disabilities -<br>   Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>   Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | ❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>   Income Security Act<br><br><br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>❏ 871 IRS—Third Party<br>   26 USC 7609 | ❏ 896 Arbitration<br>❏ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>❏ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original
Proceeding
- ❏ 2   Removed from
State Court
- ❏ 3   Remanded from
Appellate Court
- ❏ 4   Reinstated or
Reopened
- ❏ 5   Transferred from
Another District
*(specify)*
- ❏ 6   Multidistrict
Litigation -
Transfer
- ❏ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201
Brief description of cause:
Declaratory Judgment Action

## VII. REQUESTED IN
COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❏ Yes    ❏ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE   N/A

DOCKET NUMBER

DATE   2/1/19

SIGNATURE OF ATTORNEY OF RECORD   *Weisser*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 424 S. Bethlehem Pike, Third Floor, Fort Washington, PA 19034

Address of Defendant: _____ 118 W. 4th Street, Tyler, TX 75701

Place of Accident, Incident or Transaction: _____ Pennsylvania

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/01/2019    _____    93591
                *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
         *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Beth L. Weisser _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 02/01/2019    _____    93591
                *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SHERIDAN AND MURRAY, LLC and
THOMAS W. SHERIDAN
424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Civil Action No. _____

                    Plaintiffs,

   v.

ROBERTS AND ROBERTS, and
RANDELL C. ROBERTS,
118 W 4th Street
Tyler, TX 75701

                    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, Sheridan and Murray LLC ("Sheridan and Murray") and Thomas W. Sheridan, Esquire ("Sheridan") (referred to collectively herein as "plaintiffs"), by and through their undersigned counsel, hereby assert the following complaint for declaratory relief against defendants Roberts and Roberts and Randell C. Roberts, Esquire ("Roberts") (the firm of Roberts and Roberts and Mr. Roberts are referred to collectively herein as "defendants").

## NATURE OF ACTION

1.     This is an action for declaratory relief against defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 as well as Rule 57 of the Federal Rules of Civil Procedure.

2.     Plaintiffs seek a declaration that the defendants are entitled to recover a referral fee limited to $320,000 based upon the explicit agreement of the parties.

## PARTIES

3.      Sheridan and Murray LLC is a Pennsylvania law firm that represents seriously injured people in personal injury and medical malpractice cases throughout the country.  It has been listed as one of the top personal injury law firms by, among others, U.S. News and World Report. Sheridan and Murray's main office is located at 424 S. Bethlehem Pike, Third Floor, Fort Washington, PA 19034.

4.      Thomas W. Sheridan, Esquire is the founding member of Sheridan and Murray.

5.      Roberts & Roberts is a personal injury law firm with offices in Tyler, Longview, and Dallas Texas. Roberts & Roberts main office is located at 118 W. 4th Street, Tyler, TX 75701.

6.      Randell C. Roberts, Esquire is a partner at Roberts & Roberts.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

8.      Venue is proper in this District because Sheridan and Murray's principal place of business is in the Eastern District of Pennsylvania; it regularly conducts business in the Eastern District of Pennsylvania, and the acts giving rise to this dispute occurred in the Eastern District of Pennsylvania.

9.      Roberts personally availed himself of this Court's jurisdiction by, *inter alia*, soliciting Sheridan and Murray's services for a lawsuit that was litigated in Philadelphia and that regarded conduct that occurred in Pennsylvania.

**FACTUAL BACKGROUND**

10.     In September 2014, Roberts referred James and Kay Burgess to Sheridan and Murray so that Sheridan and Murray could represent Mr. and Mrs. Burgess in a personal injury lawsuit arising from catastrophic injuries that Mr. Burgess sustained while working on an oil rig in Pennsylvania.  The injury rendered Mr. Burgess a quadriplegic.

11.     Roberts solicited Sheridan and Murray in Pennsylvania to undertake this lawsuit with the intention and knowledge that the lawsuit would be brought in Pennsylvania.

12.     When Roberts referred this matter to Sheridan and Murray in 2014, approximately three months remained before the expiration of the Burgesses' statute of limitations for all claims against third parties in Pennsylvania and time was of the essence.

13.     During Roberts' referral discussions with Sheridan and Murray, Roberts indicated he had identified Clark Electric as a potential third-party defendant. Roberts also indicated that Clark Electric had only $2 million in applicable insurance coverage.

14.     In light of the looming statute of limitations and significant liability issues, Sheridan and Murray orally agreed to pay Roberts and Roberts a referral fee in the amount of forty percent (40%) of any fee that Sheridan and Murray realized from any recoveries made against Clark Electric. This referral fee specifically excluded any fees Sheridan and Murray realized from recoveries made against defendants other than Clark Electric.

15.     On September 11, 2014, a letter was sent to Roberts which mistakenly described the terms of the oral referral fee agreement that had already been reached. Specifically, while Sheridan and Roberts agreed that Roberts' referral fee was limited to 40% of any fees Sheridan realized from a recovery against Defendant Clark Electric *only*, the September 11, 2014, letter

mistakenly and incorrectly stated that Roberts was entitled 40% of Sheridan's fee without limitation. [See letter in Exhibit A].

16.     Neither Sheridan nor Roberts signed the inaccurate September 11, 2014, letter. Moreover, it was not until early 2018 that Sheridan realized the September 11, 2014, letter inaccurately reflected the terms of the referral fee agreement. After realizing the 2014 letter was inaccurate, Sheridan contacted Roberts in February of 2018 to: (1) clarify that Roberts understood the September 11, 2014, letter was not an accurate reflection of the parties' referral fee agreement; and (2) to confirm that Roberts agreed to the terms of the original oral agreement notwithstanding the inaccurate September 11, 2014, letter.

17.     During their discussion on February 7, 2018, regarding the referral fee agreement, Roberts confirmed that the September 11, 2014, letter did not accurately reflect the parties' referral fee agreement and Roberts reiterated his assent to the terms of the referral fee agreement orally reached in September of 2014.

18.     Following the discussion of February 7, 2018, Sheridan wrote a confirming email to Roberts to memorialize their discussion and to "clarify and document" the scope of the referral agreement for the Burgess matter.

19.     The February 7, 2018, email from Sheridan confirmed the original oral agreement—specifically, that any referral fee would be limited to a portion of the fees Sheridan and Murray realized through any recovery against Clark Electric only:

> Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter. In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has a policy limit in this matter of $2 million.

> We have specifically agreed that neither me [Sheridan] nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other

defendant named or joined in this case. . . . Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy. We have agreed that the maximum referral fee payable from my firm to your firm in this case would be $320,000 . . . Please confirm that this email accurately reflects our full and final agreement and supersedes any prior agreement (including my letter to you dated September 11, 2014).

[See February 7, 2018 email in Exhibit B].

20.     Later that same day, February 7, 2018, Roberts responded to this email stating "[c]onfirmed, and good luck Tom." [See Roberts'email  response in Exhibit C].

21.     Accordingly, the maximum referral fee that Sheridan and Murray agreed to pay to Roberts and Roberts was $320,000, calculated as follows: if Sheridan and Murray was able to settle the Burgesses' claims against Clark Electric for the $2 million policy limits, Sheridan and Murray would be entitled to forty percent (40%) of the gross recovery pursuant to its agreement with the Burgesses ($800,000) and then Roberts and Roberts would be entitled to 40% of $8000,000, or $320,000.

22.     After agreeing to the above specified terms, and in reliance upon this agreement concerning a referral fee,  Sheridan and Murray initiated the Burgesses' lawsuit in December of 2014. After four years of litigation, two appeals, thousands of hours of attorney work, and hundreds-of-thousands of dollars in expenses, Sheridan and Murray reached a global settlement in October of 2018 encompassing multiple defendants including Clark Electric.

23.     After the global settlement was reached, Sheridan informed Roberts of the settlement and advised Roberts that Sheridan and Murray would pay Roberts the agreed upon maximum fee of $320,000. During that initial conversation, Roberts did not dispute the referral fee amount and, instead, congratulated Sheridan for doing an excellent job for Sheridan's clients.

24.     Days after being informed of the global settlement, in December 2018, Roberts contacted Sheridan and, for the first time, advised Sheridan that Roberts did not believe he was being treated "fairly" in light of the amount of the recovery Sheridan secured on behalf of the Burgesses.

25.     By letter dated January 4, 2019, Roberts wrote to Sheridan again expressing discontent with his agreed upon fee and arguing he was entitled to 40% of Sheridan and Murray's total fee despite the contradictory referral fee agreement.

26.     Also in the January 4 letter, Roberts made various demands upon Sheridan. These demands included the production of documents and information, and that Sheridan place the disputed attorney fees in escrow until the division of fees issue "is resolved."

27.     Sheridan responded to Roberts in writing on January 9, 2019.  Among other points, Sheridan stated his position that the parties have a valid and enforceable agreement limiting the referral fee to $320,000.

### COUNT I – DECLARATORY RELIEF

28.     Plaintiffs incorporate by reference paragraphs 1–27 as though set forth at length herein.

29.     The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes this Court to declare the rights and legal relations of parties to an active controversy under its jurisdiction.

30.     There is an actual, present and justiciable controversy existing between Sheridan and Murray/Thomas Sheridan and Roberts and Roberts/Randell C. Roberts regarding the terms of the referral fee agreement and maximum amount that Roberts and Roberts is entitled to recover from Sheridan and Murray on the Burgess matter.

31.     In September of 2014, the Parties orally agreed that Roberts was entitled only to a maximum referral fee of $320,000.

32.     On February 7, 2018, the parties both reiterated and agreed in writing that Roberts was entitled to a maximum referral fee of $320,000.

33.     When, in December of 2018, Sheridan called and informed Roberts that Roberts would be receiving the agreed $320,000 fee due to the global settlement, Roberts did not object and, instead, congratulated Sheridan on the result.

34.     It was not until days after learning of the global settlement that Roberts first contended he was entitled to 40% of Sheridan and Murray's total fee.

35.     Roberts' actions, specifically including the January 4, 2019 letter, make it clear that Defendants are attempting to repudiate the agreement reached concerning the division of fees.

36.     Defendants are improperly seeking to capitalize on, and unjustly benefit from the significant time, money and the exceptional result obtained by Sheridan and Murray and recover far more than what they are entitled to receive pursuant to their agreement with Sheridan & Murray.

37.     The parties' correspondence and course of dealing make it clear that there is a valid and enforceable agreement limiting Roberts' share of Sheridan's fee to $320,000, as stated in the January 9, 2019 Sheridan letter and confirmed in writing by Roberts

38.     Accordingly, this Court should enter a declaratory judgment and order that the maximum amount that Defendants are entitled to recover from Sheridan and Murray is $320,000.

WHEREFORE, plaintiffs respectfully request that this Court:

(a)  enter a declaratory judgment that the Parties' referral fee agreement was originally entered in September, 2014, reaffirmed in writing through the February 7, 2018, correspondence, and entitles Roberts to a maximum fee of $320,000;

(b)  enter a declaratory judgment that the maximum amount that Roberts and Roberts is entitled to recover from Sheridan and Murray is $320,000;

(c)  award any further necessary or proper relief pursuant to 28 U.S.C. § 2202 as may be necessary to enforce declaratory relief; and

(d)  award all other relief the Court deems just, proper, and equitable.

Respectfully submitted,

_____

Abraham C. Reich, Esquire
Beth L. Weisser, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (telephone)
(215) 299-2150 (fax)
areich@foxrothschild.com
bweisser@foxrothschild.com

and

Mark W. Tanner, Esquire
Feldman Shepherd Wohlgelernter Tanner Weinstock
& Dodig LLP
145 Walnut Street, 21st Floor
Philadelphia, PA  19103
(215) 567-3000
mtanner@feldmanshepherd.com

*Attorneys for Plaintiffs Sheridan and Murray, LLC*
*and Thomas W. Sheridan*

Date:  February 1, 2019

8

# EXHIBIT "B"

**From:** Sheridan, Thomas W.
**Sent:** Wednesday, February 7, 2018 7:27 PM
**To:** randy@robertslawfirm.com
**Cc:** Thomas W. Sheridan Esquire (tsheridan@sheridanandmurray.com) <tsheridan@sheridanandmurray.com>
**Subject:** FW: 1497-001 Burgess, James R.: Referral Fee Agreement

Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's December 14, 2012 accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot Oil or any of the Patterson entities).  Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case would be $320,000 calculated as follows:
If my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000).  To the extent any settlement with Clark Electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark Electric's insurance coverage.

Please confirm that this email accurately reflects our full and final agreement and supersedes any prior agreement (including my letter to you dated September 11, 2014).

Sincerely,
Tom

1



**Thomas W. Sheridan**
*Trial Attorney*

**Sheridan & Murray, LLC**
**Mailing Address:** 424 South Bethlehem Pike, Third Floor
Fort Washington, PA 19034

**Philadelphia Office:** 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

tsheridan@sheridanandmurray.com
http://www.sheridanandmurray.com

tel: (215) 977-9500
fax: (215) 977-9800

---

**From:** Murray, Neil T.
**Sent:** Wednesday, February 07, 2018 7:09 PM
**To:** Sheridan, Thomas W.
**Cc:** Sheridan, Thomas W.
**Subject:** RE: 1497-001 Burgess, James R.: Referral Fee Agreement

Looks good – see highlighted changes.

Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's (insert date of accident) accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot Oil or any of the Patterson entities).  Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case is $320,000 calculated as follows:
If my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000).  To the extent any settlement with Clark Electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark Electric's insurance coverage.

Please confirm that this email accurately reflects our agreement and supersedes any prior agreement.

Sincerely,
Tom

2

_____

Neil T. Murray, Esquire
Sheridan & Murray, LLC
424 S. Bethlehem Pike
Third Floor
Fort Washington, PA 19034
(215) 977-9500 phone
(215) 977-9800 fax
nmurray@sheridanandmurray.com

**From:** Sheridan, Thomas W.
**Sent:** Wednesday, February 07, 2018 7:03 PM
**To:** Murray, Neil T.
**Cc:** Thomas W. Sheridan Esquire (tsheridan@sheridanandmurray.com)
**Subject:** 1497-001 Burgess, James R.: Referral Fee Agreement

Neil,
please review the email below and give me any comments or edits that you have. I want to nail this down ASAP. I have gone to substantial lengths in this email to document my agreement with Randy. Please let me know if you think it is too much or too little or there's a more effective way to say what I wrote.
Thanks, Tom




Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Clark electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot oil or any of the Patterson entities).  Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case is $320,000 calculated as follows:
if my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000).  To the extent any settlement with Clark electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark electric's insurance coverage.

Please confirm that this email accurately reflects our agreement and supersedes any prior agreement.

Sincerely,
Tom



**Thomas W. Sheridan**
*Trial Attorney*

**Sheridan & Murray, LLC**
**Mailing Address:** 424 South Bethlehem Pike, Third Floor
Fort Washington, PA 19034

**Philadelphia Office:** 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

tsheridan@sheridanandmurray.com
http://www.sheridanandmurray.com

tel: (215) 977-9500
fax: (215) 977-9800

# EXHIBIT "C"

**Subject:**                 1497-001 Burgess, James R.: Referral Fee Agreement

**From:** Randell Roberts
**Sent:** Wednesday, February 7, 2018 8:40 PM
**To:** 'Sheridan, Thomas W.' <tsheridan@sheridanandmurray.com>
**Subject:** RE: 1497-001 Burgess, James R.: Referral Fee Agreement

Confirmed, and good luck Tom.

**Randell C. Roberts**
Attorney at Law
Roberts & Roberts
www.robertslawfirm.com
118 W. Fourth St. Tyler, TX 75701
Ph: (903) 597-6655 | Fax: (903) 597-1600
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
randy@robertslawfirm.com
www.robertslawfirm.com

**From:** Sheridan, Thomas W. [mailto:tsheridan@sheridanandmurray.com]
**Sent:** Wednesday, February 7, 2018 6:27 PM
**To:** Randell Roberts <randy@robertslawfirm.com>
**Cc:** tsheridan@sheridanandmurray.com
**Subject:** FW: 1497-001 Burgess, James R.: Referral Fee Agreement

Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's December 14, 2012 accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot Oil or any of the Patterson entities).  Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case would be $320,000 calculated as follows:

1

If my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000). To the extent any settlement with Clark Electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark Electric's insurance coverage.

Please confirm that this email accurately reflects our full and final agreement and supersedes any prior agreement (including my letter to you dated September 11, 2014).

Sincerely,
Tom

**Sheridan & Murray LLC**

**Thomas W. Sheridan**
*Trial Attorney*

**Sheridan & Murray, LLC**
**Mailing Address:** 424 South Bethlehem Pike, Third Floor
Fort Washington, PA 19034

**Philadelphia Office:** 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

tsheridan@sheridanandmurray.com
http://www.sheridanandmurray.com

tel: (215) 977-9500
fax: (215) 977-9800

**From:** Murray, Neil T.
**Sent:** Wednesday, February 07, 2018 7:09 PM
**To:** Sheridan, Thomas W.
**Cc:** Sheridan, Thomas W.
**Subject:** RE: 1497-001 Burgess, James R.: Referral Fee Agreement

Looks good – see highlighted changes.

Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's (insert date of accident) accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot Oil or any of the Patterson entities). Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case is $320,000 calculated as follows:
If my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000).  To the extent any settlement with Clark Electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark Electric's insurance coverage.

Please confirm that this email accurately reflects our agreement and supersedes any prior agreement.

Sincerely,
Tom


_____
Neil T. Murray, Esquire
Sheridan & Murray, LLC
424 S. Bethlehem Pike
Third Floor
Fort Washington, PA 19034
(215) 977-9500 phone
(215) 977-9800 fax
nmurray@sheridanandmurray.com

**From:** Sheridan, Thomas W.
**Sent:** Wednesday, February 07, 2018 7:03 PM
**To:** Murray, Neil T.
**Cc:** Thomas W. Sheridan Esquire (tsheridan@sheridanandmurray.com)
**Subject:** 1497-001 Burgess, James R.: Referral Fee Agreement

Neil,
please review the email below and give me any comments or edits that you have. I want to nail this down ASAP. I have gone to substantial lengths in this email to document my agreement with Randy. Please let me know if you think it is too much or too little or there's a more effective way to say what I wrote.
Thanks, Tom




Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Clark electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against defendant Clark Electric only, which has policy limits in this matter of $2 million.

3

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot oil or any of the Patterson entities). Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case is $320,000 calculated as follows:
if my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000). To the extent any settlement with Clark electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark electric's insurance coverage.

Please confirm that this email accurately reflects our agreement and supersedes any prior agreement.

Sincerely,
Tom

**Sheridan & Murray** LLC

| | |
|---|---|
| **Thomas W. Sheridan**<br>*Trial Attorney* | **Sheridan & Murray, LLC**<br>**Mailing Address:** 424 South Bethlehem Pike, Third Floor<br>Fort Washington, PA 19034 |
| | **Philadelphia Office:** 1845 Walnut Street, 21st Floor<br>Philadelphia, PA 19103 |
| tsheridan@sheridanandmurray.com<br>http://www.sheridanandmurray.com | tel: (215) 977-9500<br>fax: (215) 977-9800 |

# EXHIBIT "A"



Sheridan
& Murray LLC
Protecting People

Thomas W. Sheridan
Direct Email: tsheridan@sheridanandmurray.com
_____
Admitted to PA & NJ Bars

September 11, 2014

Randell C. Roberts, Esquire
Roberts & Roberts
118 West Fourth Street
Tyler, TX 75701

      RE:    Referral:  James Richard Burgess
               Referral:  Kay Sharon Burgess, Wife
               160 VZ CR 2724
               Mabank, TX 75147

Dear Randy:

      I am writing to acknowledge acceptance of your referral to our firm of Mr. and Mrs. Burgess.  This letter will also confirm that our firm will pay you a referral fee in the amount of forty percent (40%) of the gross attorney's fee recovered by Sheridan & Murray for its representation of both Mr. and Mrs. Burgess.

      I sincerely appreciate the confidence you have demonstrated in me and my firm by referring us these matters.  Please feel free to contact me at any time for an update.  I would also appreciate it if you would send me the contents of your file and confirm the amount of costs expended by your firm to date on this matter.

      Should you have any questions or wish to discuss this further, please do not hesitate to contact me.

                    Sincerely,

                    *Thomas W. Sheridan*

                    THOMAS W. SHERIDAN

TWS/kds

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103