# EXHIBIT F

**SHERIDAN & MURRAY, LLC**
424 South Bethlehem Pike, Third Floor, Fort Washington, Pennsylvania 19034
(215) 977-9500 * Fax (215) 977-9800 * Toll Free (877) 699-7800

# STANDARD ENGAGEMENT AGREEMENT
## and
## POWER OF ATTORNEY

This is an attorney-client engagement agreement (the "**Agreement**") by and between **SHERIDAN & MURRAY, LLC** (the "**Attorneys**") and **JAMES RICHARD BURGESS** (the "**Client**").

## 1. Scope and Purpose of Engagement

1.1.  <u>Purpose of Engagement</u>: The Client hereby retains the Attorneys to negotiate a settlement or to institute in the Client's name any legal proceedings or actions that in the Attorneys' judgment are necessary in connection with injuries and damages sustained by the Client on December 14, 2012 (the "**Claim**"), against any person, firm, corporation, or entity who may be responsible for the Claim.

1.2.  <u>Limited Scope of Representation</u>: This Agreement applies to all proceedings relating to the Claim up to and including verdict or decision at trial or arbitration.  If, in the discretion of the Attorneys, post-trial proceedings, including appeals, are warranted, they will not be covered by this Agreement and a new fee agreement will be required by the Attorneys.  It is expressly agreed and understood that the Attorneys will NOT be obligated to file any appeal from arbitration or trial relating to the Claim unless and until the Attorneys, at their sole discretion, determine that such an appeal is appropriate.  This Agreement does not obligate the Attorneys to represent the Client in resolving any "**Claims for Reimbursement**," as that term is defined in Paragraph 2.7 below.

1.3.  <u>No Estate Administration</u>: If an estate is/was raised by, or at the request of, the Attorneys, it will be/was done for the sole purpose of pursuing the Claim.  Under this Agreement, the Attorneys are pursuing damages for the Claim and they are not providing legal advice or service with regard to anything else involving the estate.  The Attorneys are not experts in estate administration and the Client should seek competent estate counsel to assist with the filings required by the county Surrogate, the preparation of estate tax returns, and the many other estate administration tasks.

1.4.  <u>No Tax Advice</u>: The Attorneys are not tax lawyers and they are not qualified to render advice regarding the tax implications of any cash award, settlement, or judgment.  It is recommended that the Client retain either a tax attorney or a certified public accountant following any monetary recovery.

## 2. Terms of Engagement

2.1.  <u>Duty to Not Discuss the Claim</u>: The Client will not settle, adjust, or discuss the Claim (or any proceedings arising from it) with other people without the Attorneys' knowledge and consent.

2.2.  <u>Duty to Cooperate</u>: The Client will fully cooperate with the Attorneys in the prosecution of the Claim.  This includes, but is not limited to, being available for legal proceedings and

**ROBERTS_000020**

consultations with the Attorneys, and keeping the Attorneys informed as to the Client's mailing address, phone number, and current medical status.

2.3. <u>Warranty of Honesty</u>: The Client warrants that the information supplied during the course of this engagement is/will be true and accurate and has not been/will not be obtained through fraud or illegal activities.

2.4. <u>Power of Attorney</u>: The Client hereby gives the Attorneys a power of attorney to execute all documents connected with the Claim, including pleadings, contracts, commercial papers, settlement agreements, compromises and releases, verifications, dismissals, orders, settlement checks, and all other documents that the Client could properly execute in connection with a lawsuit.

2.5. <u>Potential Methods of Resolving the Claim</u>: The Attorneys may investigate or pursue numerous methods to resolve the Claim including settlement discussions, arbitration, mediation, and trial.

2.6. <u>Structured Settlement</u>: As one possible settlement option, the Attorneys may explore the possibility of a structured settlement through the use of deferred periodic payments.  If the Claim is settled through such structure, the Attorneys' fee and costs may be paid directly to the Attorneys from the insurance company, either in one lump sum payment at settlement, or, at the sole option of the Attorneys and/or insurance company, deferred into future payments.  However, in any event, the Attorneys' fee will be calculated in the percentage as set forth in Paragraph 3.2 based upon the cost of the structured settlement or present value of it in accordance with applicable law.

2.7. <u>Medical Bills, Liens, Subrogation, and Rights of Reimbursement</u>: The Client is responsible for all medical bills, liens, rights of subrogation, and rights of reimbursement (collectively "**Claims for Reimbursement**") asserted against the Client by any creditor that is not a party to the Claim.

2.8. <u>Unpredictable Results</u>: Legal matters are unpredictable and full of risk and hazard. Because results in legal matters can never be guaranteed, neither this Agreement nor any conversation between the Attorneys and the Client constitutes a representation, warranty, or guarantee of results.

2.9. <u>Termination of Engagement by Attorneys</u>: The Attorneys may terminate work on the Claim at any stage upon prior notice to the Client, even after suit is filed.  The Attorneys may terminate work after a trial or an arbitration hearing and are not obligated to pursue this matter on appeal of any adverse verdict or decision from a trial or arbitration hearing.

2.10. <u>Time Period Necessary for Resolving the Claim</u>: Legal matters are procedurally complicated and they normally take, at a minimum, several years to resolve.

2.11. <u>File Retention</u>: The Attorneys retain their files for five (5) years after the matter is concluded and no notice will be given of its destruction.  Naturally, other arrangements with respect to the Client's file can be made upon request.

## 3. Payment of Legal Fees and Costs

3.1. <u>Contingency Agreement</u>: If no recovery is obtained on the Claim, the Attorneys will make no charge for their time, costs, or services.

ROBERTS_000021

3.2. <u>Attorneys' Fee</u>: The Client will pay the Attorneys a fee for services rendered from the total amount recovered, before payment of expenses as set forth in Paragraph 3.4, from any source on account of the Claim on the following basis:

40% of the gross sum realized from any source.

All medical expenses shall be paid from the balance remaining after payment of the "**<u>Law Firm's</u>**" fees.  I understand that my attorneys are not personally responsible to pay my medical bills.

3.3. <u>Additional Fee for Resolving Claims for Reimbursement</u>: If the Attorneys, in their sole discretion, decide to represent the Client in resolving any Claims for Reimbursement, the Attorneys will be entitled to an additional fee in the amount of thirty-three and one-third percent (33⅓%) of any reduction in the amount of the Claim(s) for Reimbursement.  The legal services provided for in this Paragraph 3.3 are additional to the legal services being provided in connection with the Claim.

3.4. <u>Reimbursement of Costs</u>: The Client will reimburse all costs incurred by the Attorneys in pursuit of the Claim out of the settlement or verdict amount, after deduction of attorneys' fees.  Costs include, but are not limited to, photocopies, fax charges, postage, notaries, long-distance telephone charges, mileage for attorneys and staff, investigation charges, photographs, court costs, Lexis research charges, medical records costs, police reports, deposition costs, expert fees, witness fees, stenographer costs, and video depositions fees.

3.5. <u>Reimbursement of Costs and Expenses After Retaining New Counsel</u>: If the Attorneys' representation of the Client terminates for any reason and the Client retains new counsel, the Attorneys will be entitled to full reimbursement of costs, disbursements, and expenses within thirty (30) days of when new counsel is retained.  The Attorneys will be entitled to a file retaining lien until either the Client or new counsel fully reimburses them for all costs, disbursements, and expenses.  Either the Client or new counsel will pay all costs of making a duplicate file to be transferred to new counsel.

3.6. <u>Payment of Attorneys' Fees and Costs After Termination of Engagement</u>: If the Attorneys' representation of the Client terminates for any reason, and the Client then recovers money in connection with the Claim, the Client will reimburse the Attorneys for all costs in accordance with Paragraph 3.4 and will pay the Attorneys their full fee pursuant to the schedule set forth in Paragraph 3.2.  The Attorneys will be entitled to an attorneys' charging lien against any proceeds resulting from the Claim.

3.7. <u>Referral Fees</u>: If the Client was referred to the Attorneys by another lawyer, the Attorneys may divide their fee with the referring lawyer.  This will not change the amount of money the Client receives from any settlement, award, or verdict reached on the Claim.  The Client hereby agrees to any appropriate fee sharing.

## 4. Review and Receipt of Engagement Agreement

4.1. <u>Review of Agreement</u>: I have carefully read and I understand this Engagement Agreement and Power of Attorney, I have had a full and complete opportunity to ask the

ROBERTS_000022

Attorneys, or any other lawyer of my choice, any questions about this Agreement, and I am proceeding in retaining the Attorneys fully aware of all obligations.

4.2.   Receipt of Duplicate Copy: I acknowledge receipt of a duplicate copy of this Agreement at the time of signing.

_By Ray Beergen under power of Attorney_

NAME: _James Richard Beergen_            **JAMES RICHARD BURGESS**
            (SIGNATURE)                                        (PRINT)

ADDRESS:   160 VZ CR 2724, Mabank, Texas 75147

TELEPHONE NUMBER: _903 - 887 - 8591_   DATED: _09 - 16 - 2014_

ROBERTS_000023

**SHERIDAN & MURRAY, LLC**
424 South Bethlehem Pike, Third Floor, Fort Washington, Pennsylvania 19034
(215) 977-9500 * Fax (215) 977-9800 * Toll Free (877) 699-7800

# STANDARD ENGAGEMENT AGREEMENT
## and
## POWER OF ATTORNEY

This is an attorney-client engagement agreement (the "**Agreement**") by and between **SHERIDAN & MURRAY, LLC** (the "**Attorneys**") and **KAY SHARON BURGESS** (the "**Client**").

## 1. Scope and Purpose of Engagement

1.1. <u>Purpose of Engagement</u>: The Client hereby retains the Attorneys to negotiate a settlement or to institute in the Client's name any legal proceedings or actions that in the Attorneys' judgment are necessary in connection with damages for any and all claims arising as a result of injuries sustained by her Husband, **JAMES RICHARD BURGESS**, on December 14, 2012 (the "**Claim**"), against any person, firm, corporation, or entity who may be responsible for the Claim.

1.2. <u>Limited Scope of Representation</u>: This Agreement applies to all proceedings relating to the Claim up to and including verdict or decision at trial or arbitration.  If, in the discretion of the Attorneys, post-trial proceedings, including appeals, are warranted, they will not be covered by this Agreement and a new fee agreement will be required by the Attorneys.  It is expressly agreed and understood that the Attorneys will NOT be obligated to file any appeal from arbitration or trial relating to the Claim unless and until the Attorneys, at their sole discretion, determine that such an appeal is appropriate.  This Agreement does not obligate the Attorneys to represent the Client in resolving any "**Claims for Reimbursement**," as that term is defined in Paragraph 2.7 below.

1.3. <u>No Estate Administration</u>: If an estate is/was raised by, or at the request of, the Attorneys, it will be/was done for the sole purpose of pursuing the Claim.  Under this Agreement, the Attorneys are pursuing damages for the Claim and they are not providing legal advice or service with regard to anything else involving the estate.  The Attorneys are not experts in estate administration and the Client should seek competent estate counsel to assist with the filings required by the county Surrogate, the preparation of estate tax returns, and the many other estate administration tasks.

1.4. <u>No Tax Advice</u>: The Attorneys are not tax lawyers and they are not qualified to render advice regarding the tax implications of any cash award, settlement, or judgment.  It is recommended that the Client retain either a tax attorney or a certified public accountant following any monetary recovery.

## 2. Terms of Engagement

2.1. <u>Duty to Not Discuss the Claim</u>: The Client will not settle, adjust, or discuss the Claim (or any proceedings arising from it) with other people without the Attorneys' knowledge and consent.

2.2. <u>Duty to Cooperate</u>: The Client will fully cooperate with the Attorneys in the prosecution of the Claim.  This includes, but is not limited to, being available for legal proceedings and

**ROBERTS_000024**

consultations with the Attorneys, and keeping the Attorneys informed as to the Client's mailing address, phone number, and current medical status.

2.3.  <u>Warranty of Honesty</u>: The Client warrants that the information supplied during the course of this engagement is/will be true and accurate and has not been/will not be obtained through fraud or illegal activities.

2.4.  <u>Power of Attorney</u>: The Client hereby gives the Attorneys a power of attorney to execute all documents connected with the Claim, including pleadings, contracts, commercial papers, settlement agreements, compromises and releases, verifications, dismissals, orders, settlement checks, and all other documents that the Client could properly execute in connection with a lawsuit.

2.5.  <u>Potential Methods of Resolving the Claim</u>: The Attorneys may investigate or pursue numerous methods to resolve the Claim including settlement discussions, arbitration, mediation, and trial.

2.6.  <u>Structured Settlement</u>: As one possible settlement option, the Attorneys may explore the possibility of a structured settlement through the use of deferred periodic payments.  If the Claim is settled through such structure, the Attorneys' fee and costs may be paid directly to the Attorneys from the insurance company, either in one lump sum payment at settlement, or, at the sole option of the Attorneys and/or insurance company, deferred into future payments.  However, in any event, the Attorneys' fee will be calculated in the percentage as set forth in Paragraph 3.2 based upon the cost of the structured settlement or present value of it in accordance with applicable law.

2.7.  <u>Medical Bills, Liens, Subrogation, and Rights of Reimbursement</u>: The Client is responsible for all medical bills, liens, rights of subrogation, and rights of reimbursement (collectively "**Claims for Reimbursement**") asserted against the Client by any creditor that is not a party to the Claim.

2.8.  <u>Unpredictable Results</u>: Legal matters are unpredictable and full of risk and hazard. Because results in legal matters can never be guaranteed, neither this Agreement nor any conversation between the Attorneys and the Client constitutes a representation, warranty, or guarantee of results.

2.9.  <u>Termination of Engagement by Attorneys</u>: The Attorneys may terminate work on the Claim at any stage upon prior notice to the Client, even after suit is filed.  The Attorneys may terminate work after a trial or an arbitration hearing and are not obligated to pursue this matter on appeal of any adverse verdict or decision from a trial or arbitration hearing.

2.10.  <u>Time Period Necessary for Resolving the Claim</u>: Legal matters are procedurally complicated and they normally take, at a minimum, several years to resolve.

2.11.  <u>File Retention</u>: The Attorneys retain their files for five (5) years after the matter is concluded and no notice will be given of its destruction.  Naturally, other arrangements with respect to the Client's file can be made upon request.

3.  **Payment of Legal Fees and Costs**

3.1.  <u>Contingency Agreement</u>: If no recovery is obtained on the Claim, the Attorneys will make no charge for their time, costs, or services.

ROBERTS_000025

3.2. <u>Attorneys' Fee</u>: The Client will pay the Attorneys a fee for services rendered from the total amount recovered, before payment of expenses as set forth in Paragraph 3.4, from any source on account of the Claim on the following basis:

40% of the gross sum realized from any source.

All medical expenses shall be paid from the balance remaining after payment of the "**<u>Law Firm's</u>**" fees.  I understand that my attorneys are not personally responsible to pay my medical bills.

3.3. <u>Additional Fee for Resolving Claims for Reimbursement</u>: If the Attorneys, in their sole discretion, decide to represent the Client in resolving any Claims for Reimbursement, the Attorneys will be entitled to an additional fee in the amount of thirty-three and one-third percent (33⅓%) of any reduction in the amount of the Claim(s) for Reimbursement.  The legal services provided for in this Paragraph 3.3 are additional to the legal services being provided in connection with the Claim.

3.4. <u>Reimbursement of Costs</u>: The Client will reimburse all costs incurred by the Attorneys in pursuit of the Claim out of the settlement or verdict amount, after deduction of attorneys' fees.  Costs include, but are not limited to, photocopies, fax charges, postage, notaries, long-distance telephone charges, mileage for attorneys and staff, investigation charges, photographs, court costs, Lexis research charges, medical records costs, police reports, deposition costs, expert fees, witness fees, stenographer costs, and video depositions fees.

3.5. <u>Reimbursement of Costs and Expenses After Retaining New Counsel</u>: If the Attorneys' representation of the Client terminates for any reason and the Client retains new counsel, the Attorneys will be entitled to full reimbursement of costs, disbursements, and expenses within thirty (30) days of when new counsel is retained.  The Attorneys will be entitled to a file retaining lien until either the Client or new counsel fully reimburses them for all costs, disbursements, and expenses.  Either the Client or new counsel will pay all costs of making a duplicate file to be transferred to new counsel.

3.6. <u>Payment of Attorneys' Fees and Costs After Termination of Engagement</u>: If the Attorneys' representation of the Client terminates for any reason, and the Client then recovers money in connection with the Claim, the Client will reimburse the Attorneys for all costs in accordance with Paragraph 3.4 and will pay the Attorneys their full fee pursuant to the schedule set forth in Paragraph 3.2.  The Attorneys will be entitled to an attorneys' charging lien against any proceeds resulting from the Claim.

3.7. <u>Referral Fees</u>: If the Client was referred to the Attorneys by another lawyer, the Attorneys may divide their fee with the referring lawyer.  This will not change the amount of money the Client receives from any settlement, award, or verdict reached on the Claim.  The Client hereby agrees to any appropriate fee sharing.

## 4. Review and Receipt of Engagement Agreement

4.1. <u>Review of Agreement</u>: I have carefully read and I understand this Engagement Agreement and Power of Attorney, I have had a full and complete opportunity to ask the

**ROBERTS_000026**

Attorneys, or any other lawyer of my choice, any questions about this Agreement, and I am proceeding in retaining the Attorneys fully aware of all obligations.

4.2.  Receipt of Duplicate Copy: I acknowledge receipt of a duplicate copy of this Agreement at the time of signing.

NAME: _Kay Sharon Burgess_
(SIGNATURE)

**KAY SHARON BURGESS**
(PRINT)

ADDRESS:   160 VZ CR 2724, Mabank, Texas 75147

TELEPHONE NUMBER: _903-887-8591_      DATED: _09-16-2014_

**ROBERTS_000027**