# EXHIBIT O

**RANDELL C. ROBERTS**
*Board Certified - Personal Injury Trial Law
American Board of Trial Advocates

**MICHAEL ACE**
*Board Certified - Personal Injury & Civil Trial Law
American Board of Trial Advocates

*Texas Board of Legal Specialization

www.robertslawfirm.com
mail@robertslawfirm.com




*A Professional Corporation*

## ATTORNEYS AT LAW

118 W. Fourth Street
Tyler, Texas 75701-4000

**BRUCE L. ROBERTS**
*Board Certified - Personal Injury Trial Law

**KAREN R. ROBERTS**

**NICANOR PESINA, JR.**

Tel: (903) 597-6655
Fax: (903) 597-1600

April 1, 2013

CERTIFIED MAIL
RETURN RECEIPT REQEUSTED
NO. 7001 0001 4903 3157

Mr. Christopher P. Clark
Clark Electrical Contractors, Inc.
RR 6, Box 6217
Montrose, PA 18801

          Re:  No. CV04893; James Burgess v. Patterson-UTI Drilling Company LLC; County Court at Law; Van Zandt County, Texas

Dear Mr. Clark:

      Enclosed for your records is a copy of the Petition for Rule 202 Pre-Suit Deposition to Investigate Claims. Since it appears that you or Clark Electrical Contractors, Inc. may have an interest in this matter, we trust that you will promptly turn this Petition over to your legal representative for the appropriate action.

                          Sincerely,

                          Randell C. Roberts
                          For the Firm

RCR/mb

Enclosure

    cc:   VIA FAX

           Mr. Mansur Khan
           Harleysville Insurance Company
           P.O. Box 198
           Harleysville, PA  19438

ROBERTS_000069

NO. CV04893

| | | |
|---|---|---|
| JAMES BURGESS, | § § § | IN THE |
| Petitioner | § § | |
| | § § | COUNTY COURT AT LAW |
| V. | § § | |
| PATTERSON-UTI DRILLING COMPANY LLC, | § § § | OF |
| Respondent | § | VAN ZANDT COUNTY, TEXAS |



PETITION FOR RULE 202 PRE-SUIT DEPOSITION
TO
INVESTIGATE CLAIMS

COMES NOW Petitioner James Burgess, who petitions this Honorable Court pursuant to Rule 202 of the Texas Rules of Civil Procedure for a pre-suit deposition of Respondent Patterson-UTI Drilling Company LLC through its employees, agents, and designated representatives, and would respectfully show:

1. Purpose of this Petition

1.1   Petitioner James Burgess makes no claim for damages against Respondent Patterson-UTI Drilling Company LLC.

1.2   Petitioner simply seeks to investigate a potential claim by Petitioner for breach of warranty against a third party.

1.3   Evidence relevant to Petitioner's potential claim against the third party, however, is in the possession or control of Respondent.

1.4     The purpose of this Petition is to allow Petitioner lawful access to Respondent's evidence so that Petitioner can determine if he has a meritorious claim against a third party.

## 2. Parties

2.1     Petitioner James Burgess is a resident of Van Zandt County, Texas.

2.2     Petitioner's address is 160 VZCR 2724, Mabank, Texas 75147.

2.3     Respondent Patterson-UTI Drilling Company LLC is a Texas limited liability company.

2.4     Respondent may be served with process through its registered agent for service of process, CT Corporation System, at 350 N. St. Paul Street, Ste. 2900, Dallas, Dallas County, Texas 75201 (Telephone: 214-979-1172) or wherever said agent may be found.

## 3. Jurisdiction

3.1     Respondent Patterson-UTI Drilling Company LLC is a Texas limited liability company doing business in Texas and is subject to the jurisdiction of this Court.

3.2     Petitioner James Burgess' potential claim is within the jurisdictional limits of this Court.

## 4. Venue

4.1     Venue for the anticipated suit lies in Van Zandt County, Texas.

4.2     Venue lies in Van Zandt County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.033 because the anticipated suit is for breach of warranty and petitioner resided in Van Zandt County, Texas at the time the cause of action accrued.

## 5. Grounds for Rule 202 Pre-Suit Depositions

5.1     Petitioner James Burgess seeks to depose Respondent Patterson-UTI Drilling Company LLC to investigate a potential claim by Petitioner.

5.2     More specifically, Petitioner was severely injured while working for Respondent on one of its drilling rigs in Susquehanna County, Pennsylvania on December 14, 2012.

5.3     On this occasion Petitioner suffered a severe spinal cord injury when a light fixture at the top of the drilling rig fell on Petitioner.

5.4     The subject matter of the anticipated action would be a breach of warranty claim or other tort claim against the supplier of the light fixture or its installer.

5.5     Petitioner's interest in this matter would be as a plaintiff who suffered injuries and other damages as a result of this accident.

5.6     Respondent is in possession of the light fixture and most of the witnesses are Respondent's employees, who have been instructed not to discuss the accident with Petitioner's investigator.

5.7     The substance of the testimony that Petitioner expects to illicit from Respondent includes (a) who supplied the light fixture, (b) who installed the light fixture, (c) why the light fixture fell, (d) what should have been done to prevent the light fixture from falling, and (e) who was responsible for preventing the light fixture from falling.

5.8     Conducting this pre-suit deposition will help Petitioner and his counsel comply with Rule 13 of the Texas Rules of Civil Procedure as well as Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, which require Petitioner and his counsel to make a good faith inquiry before deciding whether to file suit.

5.9 The likely benefit of allowing Petitioner to take the requested deposition outweighs the burden or expense of this procedure.

5.10 Allowing Petitioner to take the requested deposition may prevent a failure or delay of justice in the anticipated suit.

5.11 The persons Petitioner expects to have interests adverse to Petitioner's in the anticipated suit are:

(a) the light fixture installer who appears to be Christopher P. Clark of Clark Electrical Contractors, Inc. at RR 6, Box 6217, Montrose, Pennsylvania 18801 (Telephone: 570-278-1687);

(b) the light fixture supplier whose identity is unknown to Petitioner, and whose identity cannot be ascertained through diligent inquiry by Petitioner.

5.12 This Honorable Court has authority under Rule 202 of the Texas Rules of Civil Procedure to authorize this type of pre-suit deposition.

## 6. Prayer

6.1 WHEREFORE, PREMISES CONSIDERED, Petitioner prays for an Order authorizing Petitioner to take the videotaped oral deposition of Respondent Patterson-UTI Drilling Company LLC through its employees, agents, and designated representatives, and for such other and further relief, general and special, legal and equitable, to which Petitioner is justly entitled.

Respectfully submitted,

ROBERTS & ROBERTS

BY: _____
RANDELL C. ROBERTS
Bar No. 17016490
118 W. Fourth
Tyler, TX 75701-4000
Ph: (903) 597-6655
Fax: (903) 597-1600
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

We do hereby certify that a copy of this instrument is being provided pursuant to Tex. R. Civ. P. 21, 21a, and 202 to Respondent and to those persons whom Petitioner can identify and who Petitioner expects to have interests adverse to Petitioner's in the anticipated suit.

_____
ROBERTS & ROBERTS

_James R. Burgess By Kay Burgess, PoA_
/JAMES BURGESS

Signature affixed by notary in the presence of ___N/A___ a disinterested witness, under Section 406.0165, Government Code.

STATE OF TEXAS
COUNTY OF ___Montgomery___

BEFORE ME, the undersigned Notary Public, on this day personally appeared James Burgess, and after being duly sworn stated under oath that he is the petitioner in this matter; that he has read the above Petition for Rule 202 Pre-Suit Deposition to Investigate Claims; that the facts alleged in support of this petition are within his personal knowledge; and that they are true and correct.

SIGNED AND SWORN TO BEFORE ME by James Burgess this the 19th day of March, 2013.



C. N. McLean, Jr.
Notary Public in and for the State of Texas

ROBERTS_000075

# STATUTORY DURABLE POWER OF ATTORNEY

**NOTICE:** THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, CHAPTER XII, TEXAS PROBATE CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, James R. Burgess, of Mabank, Kaufman County, TX, appoint Kay Burgess, 160 VZCR 2724, Mabank, Van Zandt County, Texas 75147 as my agent to act for me in any lawful way with respect to all of the following powers except for a power that I have crossed out below.

TO WITHHOLD A POWER, YOU MUST CROSS OUT EACH POWER WITHHELD.

Real property transactions;

Tangible personal property transactions;

Stock and bond transactions;

Commodity and option transactions;

Banking and other financial institution transactions;

Business operating transactions;

Insurance and annuity transactions;

Estate, trust, and other beneficiary transactions;

Claims and litigation;

Personal and family maintenance;

Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service;

ROBERTS_000076

Retirement plan transactions;

Tax matters.

IF NO POWER LISTED ABOVE IS CROSSED OUT, THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.

## SPECIAL INSTRUCTIONS:

Special instructions are applicable to gifts (initial in front of the following sentence to have it apply):

I grant my agent (attorney in fact) the power to apply my property to make gifts, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

_____

_____

_____

This power of attorney becomes effective upon my disability or incapacity.

If a definition of my disability or incapacity is not contained in this power of attorney, I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

ROBERTS_000077

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify and hold harmless the third party for any claims that arise against the third party because of reliance on this power of attorney.

_James R. Burgess_
James R. Burgess

Signature affixed by notary in the presence of _____ a disinterested witness, under Section 406.0165, Government Code.

**THE STATE OF TEXAS**          §
                                §
**COUNTY OF** Montgomery         §

This document was acknowledged before me by James R. Burgess on ___3|19___, 20_13_.



C N MCLEAN JR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 01-26-2016

_CN McLean Jr_
Notary Public, State of _____
Notary's Printed Name:
__C N McLean Jr__
My Commission Expires: _1/26/2016_

**THE ATTORNEY IN FACT OR AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.**

3