IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERIDAN AND MURRAY, LLC and THOMAS W. SHERIDAN,<br><br>           Plaintiffs,<br>    v.<br><br>ROBERTS AND ROBERTS, and RANDELL C. ROBERTS,<br><br>           Defendants. | Civil Action No. 19-467 (RBS) |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Plaintiffs' Motion for Leave to File Surreply to Defendants' Motion to Dismiss Amended Complaint (Doc. 13) and the Defendants response in opposition, it is hereby ORDERED that the motion is DENIED.  The written record on this motion for purposes of the Court's consideration of the merits will cease with Defendants' Reply in Further Support of their Motion to Dismiss Amended Complaint (Doc. 12).

BY THE COURT:

_____
R. BARCLAY SURRICK, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERIDAN AND MURRAY, LLC and THOMAS W. SHERIDAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>ROBERTS AND ROBERTS, and RANDELL C. ROBERTS,<br><br>   Defendants. | Civil Action No. 19-467 (RBS) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE A SURREPLY,**
**AND DEFENDANTS' REPLY**

Defendants Roberts & Roberts and Randell C. Roberts oppose Plaintiffs' Motion for Leave of Court to File a Surreply in Further Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction for the following reasons:

**I.   PLAINTIFFS' SURREPLY ERRONEOUSLY ASSUMES THAT TEXAS LAW DOES NOT CONTROL THE CONTRACTS AT ISSUE, ALL OF WHICH WERE INDISPUTABLY FORMED IN TEXAS.**

Plaintiffs' proposed surreply misleads the Court as to the controlling law in this case. As an initial matter, Plaintiffs dismiss the legal authorities in Defendants' Reply as being "only nonbinding and nonprecedential authority."[1]  However, Defendants cited eighteen new authorities, including eleven new court opinions and six new law review articles supporting Defendants' position. Four of these court opinions are controlling Pennsylvania authorities, but

---

[1] *See* Plaintiffs' Motion for Leave at 1.

more importantly, three more of these opinions are controlling Texas authorities from Texas courts of appeal and the U.S. Fifth Circuit Court of Appeals. Plaintiffs do not dispute that the underlying contracts at issue were all formed in Texas, or that Texas law should govern the construction of these contracts. In sum, because Plaintiffs' proposed surreply misleads the Court as to the controlling law for the contracts at issue, Plaintiffs' surreply should be denied.

## II. PLAINTIFFS' SURREPLY MISLEADS THE COURT AS TO THE IDENTITY OF THE KEY WITNESSES AND THE MOST CONVENIENT FORUM FOR THEM.

Plaintiffs argue that a timely transfer of this action to the Eastern District of Texas should be postponed because the defense attorneys in the underlying litigation may have relevant knowledge about the status of the litigation when Mr. Sheridan changed the referral agreement with Mr. Roberts. The defense attorneys were not parties to the referral fee agreement, were not involved in its negotiation or creation, and have no knowledge of its terms. More importantly, the issue in this action is not what the defense attorneys knew, but what *Mr. Sheridan* knew when he changed the referral fee agreement with Mr. Roberts.[2]

Aside from Mr. Sheridan and Mr. Roberts, it is undisputed that there are only three witnesses to the terms of the referral fee agreement at issue. Plaintiffs do not controvert the evidence[3] showing that the terms of the referral agreement, and the terms of Mr. Roberts' limited offer to refund a portion of his law firm's attorney fees to help the clients, were contemporaneously explained to the clients—James and Kay Burgess—in the presence of an

---

[2] If Plaintiffs were truly interested in the convenience of the witnesses in the underlying litigation, they would not have raced to the courthouse to file this declaratory judgment action in the Eastern District of Pennsylvania. The underlying litigation arose out of an accident in the Middle District of Pennsylvania. Mr. Sheridan's office, however, is conveniently located in the Eastern District of Pennsylvania.

[3] *See* Second Amended Declaration of Randell C. Roberts at ¶¶ 48, 49, 77, and 78; Plaintiffs' Exhibit G.

investigator, Blane Carrifee.[4]  Moreover, Plaintiffs do not deny that these three key witnesses are Texas residents who will probably be unavailable to testify in Pennsylvania.  In sum, because Plaintiffs' proposed surreply misleads the Court as to the identity of the key witnesses and the most convenient forum for them, Plaintiffs' surreply should be denied.

                                            Respectfully submitted:

                                            **HAINES & ASSOCIATES**

                                            */s/ Clifford E. Haines*
                                            CLIFFORD E. HAINES
                                            DANIELLE M. WEISS
                                            The Widener Building, 5th Floor
                                            1339 Chestnut Street
                                            Philadelphia, PA 19107
                                            (215) 246-2200 (Telephone)
                                            (215) 246-2211 (Facsimile)

                                            ***Attorneys for Defendants***

Dated: June 14, 2019

---

[4] Amazingly, Plaintiffs allege, without support, that "the Burgesses had absolutely nothing to do with the referral agreement in this case.  The Burgesses were not parties to the referral agreement; were not involved in its negotiation or creation; and they have no knowledge of its terms.  Thus, contrary to Defendants' assertions, the Burgesses are not 'key witnesses.'"  *See* Plaintiffs' Surreply at 7 n.5.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SHERIDAN AND MURRAY, LLC and THOMAS W. SHERIDAN, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERTS AND ROBERTS, and RANDELL C. ROBERTS, <br><br> Defendants. | Civil Action No. 19-467 (RBS) |

## **CERTIFICATE OF SERVICE**

I, Clifford E. Haines, Esquire hereby certify that I have caused this document to be filed electronically on this 14th day of June, 2019.  It is available for reviewing and downloading from the ECF System.

          */s/ Clifford E. Haines*
CLIFFORD E. HAINES
DANIELLE M. WEISS
The Widener Building, 5th Floor
1339 Chestnut Street
Philadelphia, PA 19107
(215) 246-2200 (Telephone)
(215) 246-2211 (Facsimile)

***Attorneys for Defendants***