# EXHIBIT B



RANDELL C. ROBERTS
*Board Certified - Personal Injury Trial Law
American Board of Trial Advocates

MICHAEL ACE
*Board Certified - Personal Injury & Civil Trial Law
American Board of Trial Advocates

DON R. REEVES

JUSTIN C. ROBERTS

*Texas Board of Legal Specialization

118 W. Fourth Street
Tyler, Texas 75701-4000

# ROBERTS & ROBERTS

*A Professional Corporation*

## ATTORNEYS AT LAW

BRUCE L. ROBERTS
*Board Certified - Personal Injury Trial Law

KAREN R. ROBERTS
*Board Certified - Personal Injury Trial Law
American Board of Trial Advocates

FRANK WEEDON
*Board Certified - Workers' Compensation Law

NICANOR PESINA, JR.

Tel: (903) 597-6655
Fax: (903) 597-1600
www.robertslawfirm.com

January 4, 2019

VIA EMAIL
AND
FEDERAL EXPRESS

Mr. Thomas W. Sheridan
Sheridan & Murray, LLC
424 Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Re:   James and Kay Burgess

Dear Tom:

Let me begin this letter by commending you for what appears to be an excellent settlement for James and Kay Burgess. It was approximately six years ago when they retained my law firm's services and I began working on their case. My decision to refer their personal injury claims to you four years ago for further prosecution in Pennsylvania was obviously a wise one.

==As I stated in our telephone conference on December 19, 2018, I am concerned that my law firm is not being fairly compensated in your contemplated division of the attorney fees earned in this case. Specifically, I have concerns about the circumstances prompting your telephone call on February 7, 2018. As you know, this was the telephone conference in which you gave me a status report on James and Kay Burgess's case. It was during this call that you requested that my law firm forego most of its attorney fees to help James and Kay continue to have an economically viable lawsuit for you to pursue.==

Since our telephone conference on December 19, 2018, I have reviewed the attached email thread exchanged between you and your partner on February 7, 2018. This email thread raises further concerns about the circumstances prompting your telephone call to me on February 7, 2018.

ROBERTS_000043

Mr. Thomas W. Sheridan
Page 2
January 4, 2019

At this point, I have two questions:

　　　　1.　　What did you know when you called on February 7, 2018, and requested that my firm forego most of its attorney fees so that you would still have an economically viable lawsuit to pursue for James and Kay Burgess?  More specifically, did you fully and fairly disclose all important information about their case to me before requesting that I change our original agreement that my firm would be paid 40% of the gross attorney fees?

　　　　2.　　If we were dealing at arm's length in changing or superseding our original agreement for the division of attorney fees, what financial consideration did my firm receive for the change?  My law firm and I continue to this day to share joint responsibility with your law firm for the representation of James and Kay Burgess.

　　　　Until my concerns are resolved, I respectfully request that you:

　　　　1.　　Please provide me with the information documenting that on February 7, 2018, it was actually necessary to change our division of the attorney fees in order for it to be economically viable for your firm to continue to pursue James and Kay Burgess's case.  It is difficult for me to understand how the settlement value of this case could have increased to approximately $44,000,000.00 between last February and last fall when it settled.

　　　　2.　　Please provide me with the complete terms of the settlement.  This should include the identity and contact information for every defendant or insurance company contributing to the settlement, the amount each is contributing, and the resolution of the workers' compensation lien and benefits.

　　　　3.　　Please provide me with your proposed disbursement of the entire settlement, including attorney fees, legal expenses, liens, and James and Kay Burgess's respective net recoveries.

　　　　4.　　Please preserve all records, documents, tangible things, and electronically stored information relating to James and Kay Burgess's case.  These items would include all emails, texts, correspondence, memos, and messages exchanged between you and anyone about this case, including communications with your partners, experts, litigation strategists, defense attorneys, and insurance adjusters.

　　　　5.　　Please comply with Rule 1.15 of your Rules of Professional Conduct by placing 40% of the gross attorney fees in escrow until the appropriate division of the attorney fees between our law firms is resolved to our mutual satisfaction.  Another copy of James and Kay Burgess's contracts with my law firm as well as their written consent for me to refer their personal injury claims to your law firm (with my law firm remaining jointly responsible for them and receiving 40% of the gross attorney fees) are attached to document my firm's interest in the settlement funds.

ROBERTS_000044

Tom, I regret that I have to ask these questions and make these requests. I have always thought of you as a good person as well as a good attorney. I believe, however, that you would have the same concerns if you were in my situation. My law firm has performed more than the customary amount of work necessary to earn its 40% of the attorney fees in this settlement.

I also believe that you recognize that I have always placed James and Kay Burgess's interests first. I even offered to refund a portion of my firm's attorney fees to them, if the workers' compensation lien consumed their recovery and kept them from having an economically worthwhile case. I therefore do not want my requests to in any way delay James and Kay Burgess receiving their portion of the settlement. If any aspect of my requests could delay or adversely affect their settlement, please let me know immediately.

It is my sincere desire to resolve my concerns in a prompt, professional, and amicable manner. If we cannot resolve my concerns between ourselves, it is my understanding that your Rules of Professional Conduct admonish you to conscientiously consider submitting this matter to the arbitration or mediation procedures established by our bar associations and I am amenable to that process.

To begin resolving my concerns, please confirm for me in writing by January 12, 2019 that: (1) you will comply with Rule 1.15 by placing 40% of the gross attorney fees in escrow until the appropriate division of the attorney fees between our firms is resolved to our mutual satisfaction, and (2) you will preserve all records, documents, tangible things, and electronically stored information relating to James and Kay Burgess's case. Please also provide me with the other information that I have requested by January 19, 2019. If I do not receive satisfactory responses, my firm will need to consider taking further steps to protect its interests.

Sincerely,

Randell C. Roberts
For the Firm

RCR/mb

Enclosures

**Subject:** 1497-001 Burgess, James R.: Referral Fee Agreement

**From:** Randell Roberts
**Sent:** Wednesday, February 7, 2018 8:40 PM
**To:** 'Sheridan, Thomas W.' <tsheridan@sheridanandmurray.com>
**Subject:** RE: 1497-001 Burgess, James R.: Referral Fee Agreement

Confirmed, and good luck Tom.

**Randell C. Roberts**
Attorney at Law
Roberts & Roberts
www.robertslawfirm.com
118 W. Fourth St. Tyler, TX 75701
Ph: (903) 597-6655 | Fax: (903) 597-1600
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
randy@robertslawfirm.com
www.robertslawfirm.com

**From:** Sheridan, Thomas W. [mailto:tsheridan@sheridanandmurray.com]
**Sent:** Wednesday, February 7, 2018 6:27 PM
**To:** Randell Roberts <randy@robertslawfirm.com>
**Cc:** tsheridan@sheridanandmurray.com
**Subject:** FW: 1497-001 Burgess, James R.: Referral Fee Agreement

Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's December 14, 2012 accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot Oil or any of the Patterson entities). Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case would be $320,000 calculated as follows:

If my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000). To the extent any settlement with Clark Electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark Electric's insurance coverage.

Please confirm that this email accurately reflects our full and final agreement and supersedes any prior agreement (including my letter to you dated September 11, 2014).

Sincerely,
Tom

**Sheridan Murray** LLC

Thomas W. Sheridan
*Trial Attorney*

Sheridan & Murray, LLC
Mailing Address: 424 South Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia Office: 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

tsheridan@sheridanandmurray.com
http://www.sheridanandmurray.com

tel: (215) 977-9500
fax: (215) 977-9800

**From:** Murray, Neil T.
**Sent:** Wednesday, February 07, 2018 7:09 PM
**To:** Sheridan, Thomas W.
**Cc:** Sheridan, Thomas W.
**Subject:** RE: 1497-001 Burgess, James R.: Referral Fee Agreement

Looks good – see highlighted changes.

Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's (insert date of accident) accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Defendant Clark Electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against Defendant Clark Electric only, which has policy limits in this matter of $2 million.

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot Oil or any of the Patterson entities). Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case is $320,000 calculated as follows:

If my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000). To the extent any settlement with Clark Electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark Electric's insurance coverage.

Please confirm that this email accurately reflects our agreement and supersedes any prior agreement.

Sincerely,
Tom


Neil T. Murray, Esquire
Sheridan & Murray, LLC
424 S. Bethlehem Pike
Third Floor
Fort Washington, PA 19034
(215) 977-9500 phone
(215) 977-9800 fax
nmurray@sheridanandmurray.com


**From:** Sheridan, Thomas W.
**Sent:** Wednesday, February 07, 2018 7:03 PM
**To:** Murray, Neil T.
**Cc:** Thomas W. Sheridan Esquire (tsheridan@sheridanandmurray.com)
**Subject:** 1497-001 Burgess, James R.: Referral Fee Agreement

Neil,
please review the email below and give me any comments or edits that you have. I want to nail this down ASAP. I have gone to substantial lengths in this email to document my agreement with Randy. Please let me know if you think it is too much or too little or there's a more effective way to say what I wrote.
Thanks, Tom



Randy,
Thanks for taking the time to speak to me earlier today about the Burgess case and our fee sharing agreement.
I am writing to confirm our discussion and to specifically clarify and document our referral agreement on this matter.

Mr. Burgess and Mrs. Burgess have each entered into a fee agreement with my firm to represent them for any and all claims arising from Mr. Burgess's accident that rendered him a quadriplegic.

Prior to referring this matter to my firm, you had engaged in discussions with representatives from Clark electric regarding the potential settlement of this matter.

In light of this, my firm and I have agreed to pay you a referral fee in the amount of 40% of any fee recovered by my firm against defendant Clark Electric only, which has policy limits in this matter of $2 million.

ROBERTS_000048

We have specifically agreed that neither me nor my firm is obligated to pay you and/or your firm a referral fee from any recovery made against any other defendant named or joined in this case (including but not limited to Dialight, any of the National Oilwell Varco entities, Cabot oil or any of the Patterson entities). Any referral fee paid to you from this matter will be expressly limited to 40% of any recovery from Defendant Clark Electric's $2 million insurance policy.

We have agreed that the maximum referral fee payable from my firm to your firm in this case is $320,000 calculated as follows:

if my firm is able to settle Mr. and Mrs. Burgess' claims against Clark electric for its full $2 million insurance coverage, and we obtain a fee in the amount of 40% of the gross recovery ($800,000), our maximum referral fee payable to you will be $320,000 ($800,000 times .40 = $320,000). To the extent any settlement with Clark electric is in an amount less than $2 million, you will be entitled to a referral fee of 40% of the gross fee recovered by my firm from Clark electric's insurance coverage.

Please confirm that this email accurately reflects our agreement and supersedes any prior agreement.

Sincerely,
Tom

**Sheridan Murray** LLC

| | |
|---|---|
| Thomas W. Sheridan<br>Trial Attorney | Sheridan & Murray, LLC<br>Mailing Address: 424 South Bethlehem Pike, Third Floor<br>Fort Washington, PA 19034<br><br>Philadelphia Office: 1845 Walnut Street, 21st Floor<br>Philadelphia, PA 19103 |
| tsheridan@sheridanandmurray.com<br>http://www.sheridanandmurray.com | tel: (215) 977-9500<br>fax: (215) 977-9800 |

ROBERTS_000049

## CONTRACT FOR LEGAL SERVICES

I hereby employ ROBERTS & ROBERTS ("the law firm") to represent *James Richard Burgess* me in a claim for damages arising out of an occurrence on or about _12-14-2012_ as provided in this contract.

1. **Attorney's Fee:** I hereby assign, convey, and transfer to the law firm a percentage of the total recovery on this claim (or its present value), before any offset, to pay for the law firm's time devoted to prosecuting this claim. This percentage shall be 33.33% if the recovery is obtained before a lawsuit is filed, 40% if the recovery is obtained after a lawsuit is filed, and 45% if the recovery is obtained after a notice of appeal is filed. *If there is no recovery, however, it is agreed that I will not be obligated to pay the law firm for its time devoted to prosecuting this claim.*

2. **Legal Expenses:** I authorize the law firm to incur all reasonable expenses necessary for the prosecution of this claim and to pay these expenses out of my portion of the recovery on this claim, after payment of the attorney's fee. It is understood that these expenses include the cost of court filing fees, subpoenas, depositions, computer research, demonstrative evidence, exhibits, records, reports, transportation, lodging, and the service of other professionals including expert witnesses, consultants, engineers, investigators, property adjusters, medical record reviewers, researchers, court reporters, videographers, photographers, mediators, record retrieval and lien resolution services as well as office expenses directly related to the prosecution of the claim including the cost of long distance telephone calls, document reproduction and delivery. To the extent that other persons have claims as a result of this occurrence, I also authorize the law firm to pay out of my portion of the recovery my proportionate share of the common expenses. Moreover, I authorize the law firm to borrow the funds to pay all authorized legal expenses and advances as they are incurred and to treat the interest on such loans as a legal expense. *If there is no recovery, however, it is agreed that I will not be obligated to pay these expenses.*

3. **Property Adjusting Service:** With respect to any property damage claim which is resolved without filing a lawsuit, it is agreed that the law firm will only charge a property adjusting fee of $250.00 instead of a percentage of the total recovery on this claim. This property adjusting fee will be treated as a legal expense and paid out of my portion of the recovery on the bodily injury claim. If a lawsuit is filed, however, it is agreed that the law firm will be paid a percentage of the total recovery on the property damage claim (instead of the property adjusting fee) and reimbursed for its legal expenses as provided for in this contract.

4. **Health Care Expenses:** I understand that all related health care expenses, if any, will be paid out of my portion of the recovery after payment of the legal expenses and attorney's fee. In this regard, I authorize the law firm to assure the health care providers that their related charges will be paid out of my recovery and I authorize such payments to be made out of my recovery.

5. **Subrogation:** I understand that if I am obligated to reimburse out of the recovery on this claim any health insurance plan, disability insurance plan, or government program (including Medicaid and Medicare) for benefits paid as a result of this occurrence, it will be reimbursed out of my portion of the recovery after payment of the legal expenses and the attorney's fee.

ROBERTS_000050

6. **Association of Counsel and Division of Attorney Fees:**

   (a) I was referred to the law firm by _____
   ("the associating attorney") to prosecute my claim. I understand that the law firm and the associating attorney will be assuming joint responsibility for the prosecution of my claim. If a recovery is made on my behalf, the total attorney's fees will be divided between them, based on their assumption of joint responsibility, as follows: 66.66% will be paid to the law firm and 33.33% will be paid to the associating attorney. My signature at the bottom of this contract indicates my understanding and consent to this association and division of the attorney fees. *It is agreed, however, that this will not increase the total attorney fees to be paid out of any recovery on this claim.*

   (b) I agree that the law firm may associate additional attorneys to assist in prosecuting this claim. *It is agreed, however, that the association of additional attorneys will not increase the total attorney fees to be paid out of any recovery on this claim.*

7. **Multiple Representation:** I request that the law firm represent all clients signing this or a similar contract with the law firm as a result of this occurrence. I understand the possible problems involved in the law firm representing multiple clients who may have differing interests (such as how any settlement money should be allocated among the clients). I realize that the law firm must act impartially as to all of us and that it cannot serve as an advocate for one of us against any of the others. I am willing to make independent decisions without the law firm's advice to resolve issues that arise among us. This includes deciding how money is to be allocated among us without any advice from the law firm. Knowing the possible conflict of interest, I consent to this multiple representation and I request that the law firm represent all of us.

8. **Special Power of Attorney:** It is agreed that my claim will not be settled without my consent. I do, however, authorize the law firm to endorse my name to all settlement as well as benefit checks and to deposit them in a trust account to expedite disbursement of these funds in a timely manner. Moreover, I authorize the law firm to endorse my name to all authorizations required for the release of information related to my claim.

9. **Termination:** It is agreed that this contract terminates upon the effectuation of a complete settlement of this claim, the entry of a final judgment by a trial court denying any recovery on this claim, or by mutual agreement. This contract may also be unilaterally terminated by me for good cause. Similarly, it may also be unilaterally terminated by the law firm if it becomes uneconomical for the law firm to prosecute this claim, if I fail to always provide the law firm with my current contact information, or for other good cause.

10. **Date:** This contract for legal services is entered into on ___01 - 31 - 2013___.

NAME: *James Richard Burgen*
By: *Kay Burgen*

NAME: _____

ACCEPTED:
ROBERTS & ROBERTS
BY: _____

## CONTRACT FOR LEGAL SERVICES

I hereby employ **ROBERTS & ROBERTS** ("the law firm") to represent me in a claim for damages arising out of an occurrence on or about ___12-14-2012___ as provided in this contract.

1. **Attorney's Fee:** I hereby assign, convey, and transfer to the law firm a percentage of the total recovery on this claim (or its present value), before any offset, to pay for the law firm's time devoted to prosecuting this claim. This percentage shall be 33.33% if the recovery is obtained before a lawsuit is filed, 40% if the recovery is obtained after a lawsuit is filed, and 45% if the recovery is obtained after a notice of appeal is filed. *If there is no recovery, however, it is agreed that I will not be obligated to pay the law firm for its time devoted to prosecuting this claim.*

2. **Legal Expenses:** I authorize the law firm to incur all reasonable expenses necessary for the prosecution of this claim and to pay these expenses out of my portion of the recovery on this claim, after payment of the attorney's fee. It is understood that these expenses include the cost of court filing fees, subpoenas, depositions, computer research, demonstrative evidence, exhibits, records, reports, transportation, lodging, and the service of other professionals including expert witnesses, consultants, engineers, investigators, property adjusters, medical record reviewers, researchers, court reporters, videographers, photographers, mediators, record retrieval and lien resolution services as well as office expenses directly related to the prosecution of the claim including the cost of long distance telephone calls, document reproduction and delivery. To the extent that other persons have claims as a result of this occurrence, I also authorize the law firm to pay out of my portion of the recovery my proportionate share of the common expenses. Moreover, I authorize the law firm to borrow the funds to pay all authorized legal expenses and advances as they are incurred and to treat the interest on such loans as a legal expense. *If there is no recovery, however, it is agreed that I will not be obligated to pay these expenses.*

3. **Property Adjusting Service:** With respect to any property damage claim which is resolved without filing a lawsuit, it is agreed that the law firm will only charge a property adjusting fee of $250.00 instead of a percentage of the total recovery on this claim. This property adjusting fee will be treated as a legal expense and paid out of my portion of the recovery on the bodily injury claim. If a lawsuit is filed, however, it is agreed that the law firm will be paid a percentage of the total recovery on the property damage claim (instead of the property adjusting fee) and reimbursed for its legal expenses as provided for in this contract.

4. **Health Care Expenses:** I understand that all related health care expenses, if any, will be paid out of my portion of the recovery after payment of the legal expenses and attorney's fee. In this regard, I authorize the law firm to assure the health care providers that their related charges will be paid out of my recovery and I authorize such payments to be made out of my recovery.

5. **Subrogation:** I understand that if I am obligated to reimburse out of the recovery on this claim any health insurance plan, disability insurance plan, or government program (including Medicaid and Medicare) for benefits paid as a result of this occurrence, it will be reimbursed out of my portion of the recovery after payment of the legal expenses and the attorney's fee.

ROBERTS_000052

6. **Association of Counsel and Division of Attorney Fees:**

    (a) I was referred to the law firm by _____ ("the associating attorney") to prosecute my claim. I understand that the law firm and the associating attorney will be assuming joint responsibility for the prosecution of my claim. If a recovery is made on my behalf, the total attorney's fees will be divided between them, based on their assumption of joint responsibility, as follows: 66.66% will be paid to the law firm and 33.33% will be paid to the associating attorney. My signature at the bottom of this contract indicates my understanding and consent to this association and division of the attorney fees. *It is agreed, however, that this will not increase the total attorney fees to be paid out of any recovery on this claim.*

    (b) I agree that the law firm may associate additional attorneys to assist in prosecuting this claim. *It is agreed, however, that the association of additional attorneys will not increase the total attorney fees to be paid out of any recovery on this claim.*

7. **Multiple Representation:** I request that the law firm represent all clients signing this or a similar contract with the law firm as a result of this occurrence. I understand the possible problems involved in the law firm representing multiple clients who may have differing interests (such as how any settlement money should be allocated among the clients). I realize that the law firm must act impartially as to all of us and that it cannot serve as an advocate for one of us against any of the others. I am willing to make independent decisions without the law firm's advice to resolve issues that arise among us. This includes deciding how money is to be allocated among us without any advice from the law firm. Knowing the possible conflict of interest, I consent to this multiple representation and I request that the law firm represent all of us.

8. **Special Power of Attorney:** It is agreed that my claim will not be settled without my consent. I do, however, authorize the law firm to endorse my name to all settlement as well as benefit checks and to deposit them in a trust account to expedite disbursement of these funds in a timely manner. Moreover, I authorize the law firm to endorse my name to all authorizations required for the release of information related to my claim.

9. **Termination:** It is agreed that this contract terminates upon the effectuation of a complete settlement of this claim, the entry of a final judgment by a trial court denying any recovery on this claim, or by mutual agreement. This contract may also be unilaterally terminated by me for good cause. Similarly, it may also be unilaterally terminated by the law firm if it becomes uneconomical for the law firm to prosecute this claim, if I fail to always provide the law firm with my current contact information, or for other good cause.

10. **Date:** This contract for legal services is entered into on ___03-19-13_____.

NAME: DKay Burgin

NAME: _____

ACCEPTED:
ROBERTS & ROBERTS
BY: _____

ROBERTS_000053

## CONSENT TO REFER

I have executed a Contract for Legal Services retaining Roberts & Roberts in my personal injury claim. Roberts & Roberts has recommended that I be referred to Sheridan & Murray for possible prosecution of this claim. I consent to this referral. It is further agreed and understood that:

(a) this referral will not increase the total attorney fees owed by me;

(b) Roberts & Roberts will have joint responsibility for my representation with Sheridan & Murray;

(c) if a recovery is made on my behalf, of the total attorney's fee provided for under the aforementioned Contract for Legal Services, (40%) will be paid to Roberts & Roberts and (60%) will be paid to Sheridan & Murray; and

(d) if Sheridan & Murray declines to prosecute my claim, my aforementioned Contract for Legal Services with Roberts & Roberts as well as Roberts & Roberts' representation of me and related responsibilities shall be considered terminated at that time as well.

This Consent to Refer is entered into on 09-16-2014 and approved below by:

_____
Roberts & Roberts

James Richard Burgen
Client
By Kaye Burgen
under power of attorney

ROBERTS_000054

## CONSENT TO REFER

I have executed a Contract for Legal Services retaining Roberts & Roberts in my loss of consortium claim. Roberts & Roberts has recommended that I be referred to Sheridan & Murray for possible prosecution of this claim. I consent to this referral. It is further agreed and understood that:

    (a)    this referral will not increase the total attorney fees owed by me;

    (b)    Roberts & Roberts will have joint responsibility for my representation with Sheridan & Murray;

    (c)    if a recovery is made on my behalf, of the total attorney's fee provided for under the aforementioned Contract for Legal Services, (40%) will be paid to Roberts & Roberts and (60%) will be paid to Sheridan & Murray; and

    (d)    if Sheridan & Murray declines to prosecute my claim, my aforementioned Contract for Legal Services with Roberts & Roberts as well as Roberts & Roberts' representation of me and related responsibilities shall be considered terminated at that time as well.

This Consent to Refer is entered into on  09-16-2014  and approved below by:

_____  
Roberts & Roberts

_____  
Client