# EXHIBIT C



Thomas W. Sheridan
Direct Email:  tsheridan@sheridanandmurray.com

Admitted to PA & NJ Bars

January 9, 2019

*__Via Email (randy@robertslawfirm.com)__*

Randell C. Roberts, Esquire
Roberts & Roberts
118 W. Fourth Street
Tyler, TX  75701-4000

      Re:    __James and Kay Burgess__

Dear Randy:

      This is to follow up on our call last Friday, January 4, 2019, as well as your letter from that day.

      As I expressed to you, I was very disappointed in your letter of January 4, 2019. While I respect the initial tone of the letter, it was clear to me that it was a "lawyer's letter" in which you were positioning yourself to advance a claim beyond what you were contractually entitled to receive from our unequivocal agreement.

      **FIRST**, I can assure you that my dealings with you were totally above board and in no way an attempt to mislead you. Indeed, it is insulting to suggest otherwise. You mentioned that my exchange with my colleague, Neil Murray, gave you some concern, which is something I cannot understand. I shared that with you because there was nothing to hide. I wanted to make sure that our understanding was clear and could not be misunderstood so I ran it by Neil for that purpose. I was about to embark upon an undertaking which required the commitment of all the financial and human resources of my firm.

      **SECOND**, I can also assure you that nothing relevant to our communications will be destroyed. I am sure that anything that I have will be extremely helpful and supportive of my position should it become necessary to use it.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address  424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office  1845 Walnut Street, 21st Floor
Philadelphia, PA 19103



Sheridan & Murray LLC
Protecting People

Randell C. Roberts, Esquire
January 9, 2019
Page 2

**THIRD**, you sent me two forms of "Consent to Refer," one signed by James Richard Burgess and the second signed by Kay Sharace Burgess.  Your letter suggests that you were sending them to me "again".  I have no record of receiving these documents before your letter of January 4, 2019.

**FOURTH**, your letter suggests and the "Consent to Refer" forms state that your firm "will have joint responsibility," which was news to me and clearly an attempt to cover yourself based on the requirements of the Texas Rules of Professional Conduct.  The assertion that you had "joint responsibility" is laughable; you demonstrated NO responsibility for the representation.  Indeed, my firm engaged in significant time and expense to achieve what no one could have anticipated in February of 2018 when our email exchange and agreement was codified.

**FIFTH**, you question what you received for our agreement on February 7, 2018.  On February 7, 2018, when our email exchange occurred and we unequivocally agreed to a referral fee limited to $320,000 on the claim against Clark Electric, I was faced with the following:

(a)    A hostile trial judge who was reluctant to provide the additional time for discovery necessary to develop our claims:  *see my letter to Judge Younge on that same day (attached)*;

(b)    The clear prospect of having to spend hundreds of thousands of dollars and thousands of hours to do what was necessary to develop the claims;

(c)    The extensive expenditure of time and money might prove fruitless; and

(d)    The prospect that the Clark Electric claim might not get resolved (in fact, it was not resolved until months later).

In light of all of these factors and others, had we not clarified our referral arrangement to our mutual satisfaction and had there been an expectation of your receiving 40% of any additional fees, I would have clearly revisited the scope of my representation.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

ROBERTS_000057



Randell C. Roberts, Esquire
January 9, 2019
Page 3

**SIXTH**, we both know that in February 2018 you were delighted to agree to a $320,000 referral fee on this matter. Indeed, as your letter reflects, you were prepared to give up any fee if the workers compensation lien exhausted any recovery for the clients.

**SEVENTH**, when I agreed to take the case in 2014, there were only several months remaining on the statute of limitations. It was clear that you had sat on the clients' rights for close to two years and you were facing the prospect of losing the clients' rights to those claims. Moreover, your pursuit of the workers compensation claim and the deposition taken in that proceeding compromised the claims against the third-parties.

**FINALLY**, I consider my reputation of utmost importance, but I will not be bullied and insulted at your threats to "take further steps to protect your interests". I am not concerned about any legitimate steps you could pursue because, in the end, they will prove unproductive and of no benefit to you.

We have a valid and enforceable agreement limiting the referral fee to $320,000.

Please let me know how you wish to proceed.

Very truly yours,

Thomas W. Sheridan

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

ROBERTS_000058

Thomas W. Sheridan
Direct Email:  tsheridan@sheridanandmurray.com

Admitted to PA & NJ Bars



February 7, 2018

*Via Regular Mail and Facsimile (215) 686-9509*

The Honorable John Milton Younge
Philadelphia Court of Common Pleas
Trial Division - Civil
City Hall, Room 485
Philadelphia, PA 19107

      Re: *Burgess v. Clark Electrical Contractors, Inc., et. al.*
          No. 1412-01813
          *Burgess v. Patterson UTI, et. al.*
          No. 1412-01798

Dear Judge Younge:

      As you are aware, this firm represents Plaintiffs James and Kay Burgess ("Plaintiffs") in the above-captioned consolidated products liability actions involving twenty-eight (28) Defendants. This case arises from a December 14, 2012, incident where James Burgess was working on a drill rig when he was rendered a quadriplegic after he was struck by a defective light fixture that fell from the drill rig.

      Please accept this letter as Plaintiffs' request for this Court to schedule an in-person conference regarding the status and court management of the case.  A conference with this Court is appropriate in order to:  review the procedural history; inform the Court of the status of the case and the parties' efforts to conduct and complete written discovery in light of the number of parties involved; the complexity of the case; the number of depositions that will need to be taken; and the appropriate extensions of certain pending case deadlines.  Moreover, the parties may be guided by this Court's insight regarding the benefits of the appointment of a discovery master.  This requested conference will assist this Court and the parties with expeditiously and efficiently preparing this case for trial.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

**ROBERTS_000059**

The Honorable John Milton Younge
*Burgess v. Clark Electrical, et. al.*, No. 1412-01813
*Burgess v. Patterson UTI, et. al.*, No. 1412-01798
February 7, 2018
Page 2



Sheridan & Murray LLC
Protecting People

It is believed that other parties will join Plaintiffs in this request for a conference with Your Honor.

### The Procedural History of this Case

This case has been appealed to the Superior Court twice since Plaintiffs filed their complaint on December 12, 2014. On August 27, 2015 the Philadelphia Court of Common Pleas entered an order transferring this matter to the Susquehanna County Court of Common Pleas. On September 24, 2015, Plaintiffs appealed the order transferring venue to the Superior Court.

On February 3, 2017, the Superior Court reversed and held that venue was appropriate in Philadelphia. Defendants' also litigated in the trial court Motions seeking to transfer this matter on Forum Non Conveniens grounds. These motions were denied on March 3, 2017. The Defendants immediately appealed that order to the Superior Court, staying this case for a second time. On June 28, 2017, the Superior Court denied the Patterson Defendants' Petition for Review of the Opinion which found venue in Philadelphia to be proper. Subsequent to the June 28, 2017 resolution in the Superior Court, it took a considerable period for time for the case to be transferred back to Philadelphia from Susquehanna County. In short, this case was stayed by appeals before the Superior Court for twenty-one (21) months. Accordingly, it was effectively not until July 2017 that the parties were able to pursue discovery.[1]

### Discovery History

Extensive discovery has been conducted in this case and this will need to continue in keeping with the complexity of the various negligence and product liability claims, as well as the significant number of Defendants involved in this case. Significant written discovery and document productions have already taken place in this matter. Defendants Patterson, Cabot, and NOV have collectively produced over 28,000 documents and have substantively responded to both document requests and interrogatories. Defendant Dialight has produced 3,500 documents. The Plaintiffs have produced well over 1,000 documents and have responded to several hundred interrogatories.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

ROBERTS_000060

The Honorable John Milton Younge
*Burgess v. Clark Electrical, et. al.,* No. 1412-01813
*Burgess v. Patterson UTI, et. al.,* No. 1412-01798
February 7, 2018
Page 3



Sheridan & Murray LLC
Protecting People

---

It is anticipated at this time that the parties will need to conduct the depositions of approximately 40 witnesses in this case, including critical liability depositions. Many of the witnesses are located in distant jurisdictions, including Dallas, TX, Houston, TX, Colorado, Pittsburgh, PA, and Erie, PA, to name a few. The parties also anticipate the need to conduct depositions of numerous representatives from Defendant Dialight Corporation, which is headquartered in the United Kingdom. It has been and will continue to be necessary to have letters rogatory issued to pursue depositions, subpoenas and other third-party discovery in these distant jurisdictions. Two depositions of independent witnesses are scheduled this week in Houston, TX.

It has been difficult, to date, to schedule depositions of party witnesses because written discovery is outstanding, and the parties do not wish to risk the need to conduct multiple depositions of witnesses that would be necessitated by the delayed production of documents. Due to the delay in receiving responsive and complete discovery, the parties will not be able to complete the depositions of witnesses by April 2, 2018, the current discovery deadline [2]

<u>Conclusion</u>

In summary, this is a complex, catastrophic injury case with complex theories of liability, including negligence and recklessness, strict product liability claims, including design and manufacturing defects and failure to warn, involving twenty-eight (28) Defendants who are located throughout the United States and one Defendant headquartered in the United Kingdom.

The procedural history of this case involves two appeals to the Superior Court, which stayed this matter in the trial Court for almost two (2) years (and which has allowed approximately six (6) months for discovery thus far). While written discovery is nearing completion, there is a pending discovery motion before this Court relating to the Defendant Dialight who manufactured the light which fell and catastrophically injured the Plaintiff, James Burgess.

The parties are seeking a conference with Your Honor to review the status of this matter, consider the appointment of a discovery master, and to collaborate with the Court and all counsel regarding a revised scheduling order which will afford the parties the

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

ROBERTS_000061

The Honorable John Milton Younge
*Burgess v. Clark Electrical, et. al.,* No. 1412-01813
*Burgess v. Patterson UTI, et. al.,* No. 1412-01798
February 7, 2018
Page 4


Sheridan & Murray LLC
Protecting People

opportunity to complete discovery in an expeditious and cost-efficient fashion. Plaintiffs' counsel respectfully seek Your Honor's consideration and indulgence in this request.

Respectfully Submitted,

THOMAS W. SHERIDAN
NEIL T. MURRAY

TWS/as
cc (via email and fax):
     Josh Greenbaum, Esquire
     Robert Devine, Esquire
     Rodger Puz, Esquire
     James Doherty, Esquire

---

[1] Currently, the deadline for fact discovery is April 2, 2018 and was extended once by the Honorable Lisa Rau without a motion during a prior discovery Court hearing.

[2] By way of example, the parties have encountered difficulty in obtaining timely and complete written discovery responses and documents from Defendant Dialight Corporation. Defendant Dialight is a critical party because it designed, manufactured, and distributed the defective light that paralyzed Mr. Burgess. The parties have been unable to proceed with key liability depositions because critical discovery from Defendant Dialight remains incomplete.

Plaintiffs have been diligent with discovery. Initially, the Plaintiffs served Interrogatories and Requests for Production of Documents upon Defendant Dialight on May 31, 2017 (which was even before matters were fully resolved in the Superior Court). Defendant Dialight's responses were due on or before June 30, 2017. After follow-up with Dialight's counsel, no response was provided which required Plaintiffs to file a motion to compel Dialight's answers to Plaintiffs' discovery. On August 22, 2017 an Order was entered by agreement whereby Dialight was to provide "full and complete answers" to Plaintiffs' discovery on or before October 13, 2017. Dialight provided inadequate and incomplete discovery responses and an incomplete document production on October 19, 2017. Plaintiff filed another motion to compel on December 8, 2017. An order was subsequently entered on December 27, 2017, requiring Dialight to address the deficiencies by January 15, 2018. This deadline passed and Dialight failed to comply with the Court Order. On January 31, 2018, the parties were before Your Honor

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

ROBERTS_000062

The Honorable John Milton Younge
*Burgess v. Clark Electrical, et. al.*, No. 1412-01813
*Burgess v. Patterson UTI, et. al.*, No. 1412-01798
February 7, 2018
Page 5



Sheridan & Murray LLC
Protecting People

on another motion to compel because Dialight did not provide substantive answers to interrogatories and document requests, and has continued to improperly redact key documents. Following argument on January 31, 2018. Dialight agreed to provide substantive supplemental answers to discovery, and Your Honor carried the Motion to February 14, 2018.  To date, the parties are still not in possession of Dialight's full and complete discovery responses.  This information is necessary prior to the parties conducting critical depositions in this case.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address   424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office   1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

ROBERTS_000063