**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SHERIDAN AND MURRAY, LLC and THOMAS W. SHERIDAN, | : : : : | |
| Plaintiffs, | : : | Civil Action No. 19-467 |
| v. | : : | JURY DEMAND |
| ROBERTS AND ROBERTS, | : : | |
| Defendant | : : | |

**PLAINTIFFS' ANSWER AND
<u>AFFIRMATIVE DEFENSES TO COUNTERCLAIMS</u>**

Plaintiffs/Counterclaim-Defendants Sheridan & Murray, LLC, and Thomas W. Sheridan ("Plaintiffs"), by and through their attorneys, hereby respond to Defendant's Counterclaims (ECF No. 20) as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Plaintiffs generally deny all allegations of Defendant's Counterclaims *except*:

1. With respect to Defendant's allegation No. 5, Plaintiffs admit that Defendant executed a retainer agreement between Defendant and Mr. & Mrs. Burgess. Plaintiffs lack knowledge to admit or deny the scope of any such representation or legal services Defendant agreed to provide the Burgesses.

2. Plaintiffs admit Defendant's allegation No. 6.

3. With respect to Defendant's allegation No. 7, Plaintiffs admit that Plaintiffs sent the letter at page 2 of Defendant's Exhibit A (ECF No. 20-1). Pages 3–4 of Defendant's Exhibit A were

not attached to that letter, and Plaintiffs did not receive them until January 2019. Plaintiffs deny that there was any meeting of the minds as to a 40% referral fee. Plaintiffs deny all other portions of Defendant's allegation No. 7.

4. With respect to Defendant's allegation No. 8, Plaintiffs lack knowledge sufficient to admit or deny the extent of legal services Defendant performed for the Burgesses prior to referring their claims to Plaintiffs. Plaintiffs deny that Defendant performed any meaningful legal services to advance the Burgesses' personal injury claims after the referral. Plaintiffs deny all other portions of Defendant's allegation No. 8.

5. Plaintiffs further allege, with respect to Defendant's allegation No. 8, that Defendant acted to the Burgesses' detriment by attempting to settle the Burgesses' Pennsylvania claims with Pennsylvania defendants for a wholly inadequate amount and without the involvement of a Pennsylvania-licensed attorney.

6. With respect to Defendant's allegation No. 9, Plaintiffs admit that on February 7, 2018, Thomas Sheridan called Randell Roberts. Plaintiffs deny all other portions of Defendant's allegation No. 9.

7. With respect to Defendant's allegation No. 11, Plaintiffs admit that Plaintiffs settled the Burgesses' case for $44,000,000.00. Plaintiffs deny that this settlement occurred approximately six months after the February 7, 2018, phone call. The case settled at mediation on November 14 and 15, 2018, more than nine months after the February 7, 2018, phone call.

8. With respect to Defendant's allegation No. 13, Plaintiffs admit that Randell Roberts sent the letter attached in Defendant's Exhibit B (ECF No. 20-2), and that Thomas Sheridan sent the letter attached in Defendant's Exhibit C (ECF No. 20-3). Plaintiffs deny Defendant's

characterization of those letters. Plaintiffs deny all other portions of Defendant's allegation No. 13.

9. With respect to Defendant's allegation No. 17, Plaintiffs admit that Defendant has not been paid $320,000.00. The disputed funds are in escrow and Plaintiffs have disbursed from the escrow account the amount of Defendant's claimed expenses in the Burgess litigation. Plaintiffs deny all other portions of Defendant's allegation No. 17.

## AFFIRMATIVE DEFENSES

In the following Affirmative Defenses, Plaintiffs incorporate by reference all allegations in Plaintiffs' Amended Complaint (ECF No. 7).

## FIRST AFFIRMATIVE DEFENSE

10. Defendant's counterclaims are barred in whole or in part by the doctrine of mistake.

## SECOND AFFIRMATIVE DEFENSE

11. Defendant's counterclaims are barred in whole or in part by the doctrine of mutual mistake.

## THIRD AFFIRMATIVE DEFENSE

12. Defendant's counterclaims are barred in whole or in part by novation.

## FOURTH AFFIRMATIVE DEFENSE

13. Defendant, Roberts & Roberts' counterclaims are barred in whole or part by the failure of the occurrence of a mandatory, contingent event.

## FIFTH AFFIRMATIVE DEFENSE

14. Defendant's counterclaims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

15. Defendant's counterclaims are barred in whole or in part for failure to comply with the Texas Disciplinary Rules.

## SEVENTH AFFIRMATIVE DEFENSE

16. Defendant's counterclaims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

17. Defendant's counterclaims are barred in whole or in part by the parol evidence rule.

## NINTH AFFIRMATIVE DEFENSE

18. Defendant's counterclaims are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

19. Defendant's counterclaims are barred in whole or in part for lack of mutual assent.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Defendant's counterclaims are barred in whole or in part for lack of a meeting of the minds between Defendant and Plaintiffs.

## TWELVTH AFFIRMATIVE DEFENSE

21. Defendant's counterclaims are barred in whole or in part because they fail to allege any factual misrepresentations.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. Defendant's counterclaims based upon Plaintiffs' September 2014 letter are barred in whole or in part because the letter was inaccurate and did not reflect the agreement previously reached between the parties.

## FOURTEENTHAFFIRMATIVE DEFENSE

23. Defendant's counterclaims are barred in whole or in part due to failure of consideration.

## FIFTEENTH AFFIRMATIVE DEFENSE

24. Plaintiffs reserve the right to amend, add to or modify these Affirmative Defenses as further information is developed during the course of discovery or otherwise.

Respectfully Submitted,

Date: ___December 26, 2019___          ___/s/ Abraham C. Reich___

Abraham C. Reich, Esquire
Beth Weisser, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: 215-299-2000
areich@foxrothschild.com
bweisser@foxrothschild.com

and

Mark W. Tanner, Esquire
Feldman, Shepherd Wohlgelernter and Tanner
Weinstock & Dodig LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
(215) 567-3000
mtanner@feldmanshepherd.com

Attorneys for Plaintiffs/Counterclaim-
Defendants

SHERIDAN   AND   MURRAY   LLC   and
THOMAS W. SHERIDAN

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SHERIDAN AND MURRAY, LLC and
THOMAS W. SHERIDAN,

          Plaintiffs,

      v.

ROBERTS AND ROBERTS,

          Defendant

:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 19-467
JURY DEMAND

## <u>CERTIFICATE OF SERVICE</u>

I, Beth Weisser, Esquire hereby certify that I served a true and correct copy of Plaintiffs/Counterclaim-Defendants' Answer and Affirmative Defenses to Counterclaims via the Court's ECF system upon the following:

Haines & Associates
Clifford W. Haines
Danielle M. Weiss
The Widener Building, 5th Floor
1339 Chestnut Street
Philadelphia, PA 19107
Attorneys for Defendant

BY:    */s/ Beth Weisser*

            BETH WEISSER, ESQUIRE

Date:  December 26, 2019