# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS W. SHERIDAN** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **THE ROBERTS LAW FIRM**, <br><br> *Defendants*. | **Case No. 2:19-cv-00467-JDW** |

## MEMORANDUM

Jeffrey O'Hara, a lawyer and a third party, appeared voluntarily for a deposition in this case. Before he appeared, Plaintiffs Sheridan & Murray LLC and Thomas Sheridan (collectively, "S&M") agreed to compensate O'Hara for his lost time. O'Hara claims he also had an agreement with Defendant The Roberts Law Firm ("Roberts"), though that is less clear. After S&M finished its questioning, O'Hara refused to answer questions from Roberts because Roberts had not agreed to pay for O'Hara's time. Thus, this Court has to resolve a motion to compel.

Federal Rule of Civil Procedure 30(a)(1) provides that a party "may, by oral questions, depose any person, including a party, without leave of court …. The deponent's attendance may be compelled by subpoena under Rule 45." On its face, this provision permits the use of a subpoena, but it does not require it. If a third-party elects to attend a deposition without a subpoena, he then submits himself to the Court's jurisdiction and to the applicable rules governing the deposition.

Rule 30(c)(1) provides that the "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence…." Fed. R. Civ. P. 30(c)(1). Thus, after S&M concluded its examination of O'Hara, Roberts should receive an opportunity to cross-

examine him. Because Roberts did not cross-notice the deposition or serve a subpoena, its cross-examination is governed by Federal Rule of Evidence 611(b), which provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Civ. 611(b).

Nothing in the Federal Rules of Civil Procedure or the Federal Rules of Evidence permits O'Hara to demand compensation before answering questions on cross-examination, either at a deposition or at trial. S&M argues that Roberts needed to subpoena O'Hara to compel his deposition. That would be true if O'Hara had refused to attend the deposition at all. Once he agreed to attend, however, he waived his right to demand a subpoena.

S&M and O'Hara both make a number of arguments intended to suggest that Roberts' counsel impliedly agreed to compensate O'Hara for his time and that S&M and Roberts should split O'Hara's ultimate fee. These arguments all go to whether or not Roberts (or its counsel) and O'Hara have an enforceable agreement that requires payment of a witness fee. That question is a matter of contract, and it is not a contractual dispute that is before the Court. Therefore, the Court declines to resolve the disputed factual question of whether a contract exists and on what terms, or whether O'Hara can assert any other legal claim against Roberts for compensation. If O'Hara thinks it is worth his time to do so, he can take that up in a separate action.

## CONCLUSION

O'Hara's refusal to answer questions on cross-examination at a deposition that he chose to attend lacks any support in the Federal Rules. The Court notes that he has likely already spent more time (and money) fighting this issue than he would have spent had he simply answered the questions at his deposition. In any event, the Court will grant the motion and compel him to answer Roberts' cross-examination. He must do so in the next 14 days. An appropriate Order follows.

BY THE COURT:

*/s/Joshua D. Wolson*
Hon. Joshua D. Wolson

Dated: February 3, 2020